# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TERRANCE EUGENE TAYLOR, | : | CIVIL ACTION NO. |
| BOP Reg # 54827-019, | : | 1:13-CV-985-CC-JSA |
|    Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:03-CR-354-CC-JSA-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|    Respondent. | : | 28 U.S.C. § 2255 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant, a federal prisoner, challenges the guilty plea that he entered in this Court on January 13, 2004 (Doc. 18) and the resulting 57-month term of imprisonment that he received on April 14, 2004 for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and for simple possession of cocaine, in violation of 21 U.S.C. § 844(a) (Doc. 24). Movant argues that he pled guilty only because it had been his understanding that his federal sentence would run concurrently with a state sentence he was to receive shortly thereafter. (Doc. 34 at 2-3). Now before the Court are Movant's 28 U.S.C. § 2255 motion (Doc. 34), the Government's response, arguing that the motion is time-barred (Doc. 37), and Movant's reply (Doc. 39).

For the reasons set forth below, **IT IS RECOMMENDED** that the § 2255

motion be **DISMISSED** as time-barred.[1]

I.     **Movant's 28 U.S.C. § 2255 Motion to Vacate and Movant's Reply**

In his motion to vacate, Movant explains that on June 18, 2003 he was indicted in this Court for the two crimes set forth above, and on September 18, 2003 he was charged in state court with murder. (Doc. 34 at 1-2). Movant's attorney in the federal

---

[1] Prior to serving as a U.S. Magistrate Judge, the undersigned served as an Assistant U.S. Attorney ("USAO") in the same office that prosecuted Movant, from February 25, 2004 through June 1, 2012. The undersigned served as deputy chief of the economic crime section of the USAO for some of that period. The undersigned recalls no personal or supervisory involvement over defendant's case.

Although no request for recusal has been made, the undersigned will briefly explain why he has not recused *sua sponte*. Title 18 U.S.C. § 455(b)(3) requires a judge who previously served in government to recuse only if the judge actually participated in the case. *Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995). In other words, "a judge is not subject to mandatory disqualification based on the mere fact that another lawyer in his prior government office served as an attorney on the matter." *United States v. Champlin*, 388 F. Supp. 2d 1177, 1180 (D. Haw. 2005). Several courts have held that "an Assistant United States Attorney is only disqualified from cases on which he or she actually participated." *Id.* (citing *United States v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001) ("As applied to judges who were formerly AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification."); *Mangum*, 67 F.3d at 83 (same); *Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993) (same). "[T]he same rule applies to former supervisors in the United States Attorney's office; § 455(b)(3) requires recusal only when the supervisor actually participated in a case." *Champlin*, 388 F. Supp. 2d at 1181; *United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999); *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988). As the undersigned was uninvolved in this case and otherwise perceives no ground for recusal, the Court does not *sua sponte* find that recusal is warranted.

case, Timothy Saviello, advised him to enter "an open plea of guilt [in this Court] because the federal sentence will be 'swallowed up' by the state sentence." (*Id.* at 2). Movant pled guilty with "no reason to suspect Saviello's description of that 57 months being 'swallowed up' by the anticipated state sentence." (*Id.*). Movant states that he received a seven-year sentence in state court on February 8, 2005, but he did not ask the state court "to clarify concurrence because it [seemed] unnecessary." (*Id.*).

In his reply, Movant states that he was sentenced in state court for aggravated assault "with the agreement that [his] term [of imprisonment] was to [run] concurrent with [his] Federal sentence." (Doc. 39 at 1-2). Upon completing his state sentence on April 21, 2011, he was released into the custody of the U.S. Marshals Service to begin serving his federal sentence. (*Id.* at 2). Movant states that "shortly thereafter" he first learned that his federal sentence was to run for 57 months from the date of his release from state prison. (*Id.*).

Movant alleges that when he was deciding whether to plead guilty in this Court, he had "explained to Saviello on multiple occasions [that] his only concern was in how his state and federal sentences would be counted" so as to avoid "double sentencing." Saviello had responded by "explain[ing] the relevant law as operating in a specific fashion whereby the anticipated state sentence would be 'swallowed up' by the federal

3

sentence. And this is what [Movant] believed when he waived his rights associated with trial" in federal court. (Doc. 34 at 3). Movant argues that the only possible reason for him to plead guilty in this Court was to obtain concurrent state and federal sentences, which Saviello assured him would occur, although there was "no source of legal authority [to support that assurance]. As a result, the entire basis upon which [Movant's] plea stood has vanished." (*Id.* at 3-4).

Movant notes that on December 29, 2011, a letter was addressed to the Honorable Judge Camp, his sentencing judge, "for determination on whether a retroactive concurrent designation would be appropriate," but of course there was no response to that letter because by that time Judge Camp had been removed from the federal bench. (Doc. 39 at 2). Movant then filed a motion in this Court on March 22, 2012 for a nunc pro tunc determination that his state and federal sentences were to run concurrently, which motion was docketed as a 28 U.S.C. § 2255 motion. (*Id.*). Based upon the Government's response to that motion, Movant moved to dismiss it voluntarily on or about April 25, 2012. (*Id.* at 2-3). He then filed the instant § 2255 motion on March 19, 2013. (*Id.* at 3).

With respect to the time-bar issue, Movant asserts that he "was not made aware . . . that his Federal sentence was not running concurrent with his state sentence until

4

well after he was remanded into the custody of the [Marshals Service] . . . on April 21, 2011." (*Id.* at 5). Movant states that "on April 12, 2012, he filed a self styled 2241 motion, less than a year after being made aware of the facts," and that he "could not have known these facts [earlier] . . . as they simply were not available to him while he was in state custody and he had no reason to suspect otherwise." (*Id.*). Movant also asserts that he "has conclusively established [that] he is entitled to an evidentiary hearing in which trial counsel will testify." (*Id.* at 8).

## II. The Government's Response

The Government contends that Movant's § 2255 motion is time-barred because his judgment of conviction became final on May 18, 2004, upon the expiration of the time for him to file a direct appeal, and therefore the one-year statute of limitations that applies to his motion expired on May 18, 2005. (Doc. 37 at 4-5). The Government argues that the finality date for Movant's judgment of conviction controls the § 2255 limitations period because, among other things, Movant "does not allege another specific date when, through the exercise of due diligence, he discovered the facts supporting his arguments for relief." (*Id.* at 6). The Government also argues that Movant "has not established that he is entitled to equitable tolling." (*Id.*).

## III. The Motion to Vacate Is Time-Barred

5

A one-year statute of limitations applies to a 28 U.S.C. § 2255 motion, and it runs from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Absent one of the circumstances set forth in subparagraphs two through four above, the limitations period begins to run when a § 2255 movant's judgment of conviction becomes final. Movant's judgment of conviction became final on May 18, 2004, when the ten-day window[2] expired for him to appeal his judgment of conviction, entered on May 4, 2004. (*See* Docket Sheet, Doc. 24). Movant thus had until May 18, 2005 to file his § 2255 motion, unless equitable tolling applies or the limitations period began to run on "the date on which the facts supporting [his] claim . . . could have been discovered through the exercise of due diligence," *see* 28 U.S.C.

---

[2] In 2004, the time to appeal was ten days, excluding weekends and holidays.

§ 2255(f)(4), and he filed his § 2255 motion within one year of that date. Movant has failed to make the showing required to invoke either provision.

The Supreme Court has held that a delay of even twenty-one months in attempting to discover the predicate for a § 2255 claim prevents the movant from invoking § 2255(f)(4). *Johnson v. United States*, 544 U.S. 295, 311 (2005). The Court stated in *Johnson*:

> Although [the § 2255 Movant] knew that his conviction subjected him to the career offender enhancement, he failed to attack the predicate for enhancement by filing his state habeas petition until . . . more than three years after entry of judgment in the federal case. Indeed, even if we moved the burden of diligence ahead . . ., [Movant] would still have delayed unreasonably, having waited over 21 months. [Movant] has offered no explanation for this delay, beyond observing that he was acting *pro se* and lacked the sophistication to understand the procedures. But we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness, and on this record we think [Movant] fell far short of reasonable diligence in challenging the state conviction. Since there is every reason to believe that prompt action would have produced a state vacatur order well over a year before he filed his § 2255 petition, the fourth paragraph of § 2255 is unavailable, and [Movant] does not suggest that his motion was timely under any other provision.

*Id.*; *see also Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002) ("Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts[]" to ascertain the basis

7

for his claim.); *Badillo v. United States*, No. 2:11cv354-MEF, 2013 U.S. Dist. LEXIS 73828, at *9 (M.D. Ala. Apr. 30) (noting that "[u]nlike the petitioner in *Aron*, [the § 2255 movant] does not allege that he wrote many letters and placed numerous phone calls . . . to no avail," but "[i]nstead, [he] offers absolutely no facts indicating that he attempted to" ascertain the basis for his § 2255 claims (citation and internal quotations omitted)), *adopted by* 2013 U.S. Dist. LEXIS 73653 (M.D. Ala. May 24, 2013).

Here, Movant contends that he could not have learned of his sentencing status until he was transferred to federal prison.  However, he has not indicated that he made *any* attempt to ascertain that status while he was serving his seven-year sentence in state prison.  Movant's 57-month federal sentence, had it run concurrently with his state sentence, would have fully expired before his state sentence did.  Movant nevertheless acknowledges that he made no attempt while he was serving his seven-year sentence in state prison to discover how much time, if any, he would be required to serve in federal prison thereafter.  Accordingly, Movant has failed to demonstrate even the slightest diligence in attempting to discover the facts supporting his § 2255 claim that he was misled into pleading guilty because his attorney erroneously informed him that his state and federal sentences would run concurrently.  At a minimum, a letter to the Bureau of Prisons might have been helpful, but there is no

8

indication in the record that Movant sent any such letter, made any telephone call, or made any other attempt to ascertain his sentencing status while he remained in state prison.

Accordingly, unless equitable tolling applies, Movant's § 2255 motion is time-barred. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence," *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), and the movant carries the "burden of establishing entitlement to this extraordinary remedy," *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Movant has offered no evidence that equitable tolling is warranted here, and indeed it does not appear that he has asserted equitable tolling as a basis for ruling that his § 2255 motion is timely. In any event, his lack of diligence in ascertaining the facts underlying his claim is fatal to any assertion that he is entitled to equitable tolling. *See Badillo*, 2013 U.S. Dist. LEXIS 73828, at *11-12 (noting that "same failure to demonstrate the due diligence required by § 2255(f)(4) prevents [Movant] from availing himself of the benefits of equitable tolling"). Therefore, Movant's § 2255 motion, filed on March 19, 2013, although due no later than May 18, 2005, is untimely by almost eight years.

### IV.   Certificate of Appealability

9

A federal prisoner must obtain a certificate of appealability (COA) before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (internal quotations omitted) (citing *Slack*, 529 U.S. at 484).

10

Although *Slack* involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying *Slack* standard in § 2255 case). Because there is no reasonable argument that Movant exercised diligence in the pursuit of his § 2255 claim or that his § 2255 motion is timely, a COA is not warranted here.

## V.  Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DISMISS** Movant's 28 U.S.C. § 2255 motion to vacate (Doc. 34) as time-barred, and **DENY** Movant a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 15th day of August, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

11